# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JAMES EDWARD KEY     *

Petitioner     *

v     *     ELH-94-0034
                                                           (Related Civil Case: ELH-12-3472)

UNITED STATES OF AMERICA     *

Respondent     *
                                       ***

## MEMORANDUM

James Edward Key, petitioner, filed a motion pursuant to 28 U.S.C. §2255. ECF 141. Respondent filed an answer asserting, *inter alia,* that the motion is time-barred. ECF 147. Petitioner has filed a traverse claiming entitlement to equitable tolling of the statute of limitations. ECF 157. For the reasons stated below, the motion must be dismissed as untimely.

### Background

On November 30, 1994, a jury in the United States District Court for the District of Maryland convicted petitioner of the robbery of three banks, and the use of firearms in the commission of those crimes. *See* ECF 141 at 2. He was sentenced to 600 months in prison. *Id*. Key appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed on June 20, 1996. *See United States v. Roseboro and Key*, 87 F. 3d 642 (4th Cir. 1996). Key then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on January 6, 1997. *See Roseboro v. United States*, 519 U.S. 1060 (1997).

The instant motion to vacate was filed on November 27, 2012, pursuant to 28 U.S.C. § 2255. ECF 141. Key alleges that the "courts did not have the statutory or constitutional power to do, what it did." *Id*. at 5. Further, he asserts that this jurisdictional defect is not subject to the

one-year filing limitation ordinarily applicable to motions under § 2255. *Id.*[1]

This court issued a limited order to show cause, directing counsel for respondent to address only the matters of successiveness and timeliness of the instant motion. ECF 142. Following the response to show cause (ECF 147), this court issued an order advising Key that the motion to vacate was alleged to be untimely and would be dismissed unless he could establish that he was entitled to the benefit of an exception to the filing limitation, including equitable tolling. ECF 148. Key responded. ECF 149, 151, 156, 157. Accordingly, this court must consider the timeliness of the motion under 28 U.S.C. § 2255.

**Standard of Review**

Pursuant to 28 U.S.C. § 2255(f), a one-year period of limitation applies to a motion under this section. Under the provisions of 28 U.S.C. § 2255(f), the limitation period of one year runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Petitioner previously filed a motion to vacate in 1998, which was unsuccessful in this Court (Black, J.) and in the Fourth Circuit. *See* ECF 130, 131, 133, 134. By Order of October 30, 2012, the Fourth Circuit stated that an order authorizing this court to consider a successive motion is unnecessary, because the instant claims "are not second or successive. . . ." *See* ECF 141, Attachment 1 at 2.

Notably, however, "the one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (*citing Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). But, to be entitled to equitable tolling, Key must establish either that some wrongful conduct by respondent contributed to his delay in filing his motion to vacate, or that circumstances beyond his control caused the delay. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*.

In his traverse, Key has not alleged any basis for equitable tolling of the filing deadline. Rather, he asserts that the Fourth Circuit's decision stating that an order authorizing consideration of a successive motion was unnecessary was also dispositive of the timeliness issue. Key is mistaken. Absent authorization from the appropriate Court of Appeals, a District Court does not have jurisdiction to consider a successive motion. But, such authorization is not required in the case of a motion that is filed outside of the one-year limitation period. This court has jurisdiction to determine if a motion to vacate filed outside of the one-year limitation period is subject to an exception to the limitations period without authorization from the Court of Appeals.

**Discussion**

Key alleges his motion to vacate should not be time-barred because his motion is based on a jurisdictional defect. ECF 141 at 5. Specifically, Key claims that he is entitled to raise his claim through the "savings clause" of §2255 because he is actually innocent of "gun counts." *Id*. at p. 10. He asserts that before federal jurisdiction can be invoked, the bank must be proven to

3

be F.D.I.C. insured on the day of the bank robbery and, absent that proof, there is no federal jurisdiction to "charge a gun crime." *Id*. Further, he claims that he was charged with unarmed bank robbery and armed bank robbery in the same indictment for the same bank, which violates double jeopardy and establishes that he is actually innocent of the gun counts, entitling him to review of his claims under 28 U.S.C. §2241. *Id*. at p. 11.

Actual innocence is not an independent claim. Rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims that are defaulted. *See Schlup v. Delo*, 513 U. S. 298, 315 (1995). The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson,* 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324). New evidence may consist of "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted). The new evidence must be evaluated with any other admissible evidence of guilt. *See Wilson v. Greene*, 155 F.3d 396, 404-05 (4th Cir. 1998). The new evidence must do more than undermine the finding of guilt, however; it must affirmatively demonstrate innocence. *See Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999). To invoke the actual innocence exception to the procedural default doctrine, a defendant "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327. Key has not presented new evidence demonstrating his factual innocence; rather, the claim he asserts is one that relies on a new legal argument, not new evidence.

Moreover, to be entitled to a §2241 review, Key must establish that the remedy under §2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. §2255. A motion to vacate filed pursuant to 28 U.S.C. §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Although Key contends that his conviction was illegal *ab initio*, he does not point to any subsequent change in the law rendering his conduct non-criminal. Thus, he is not entitled to review of his claims under §2241.

Nor is there any merit to Key's assertion that a jurisdictional defect excuses the untimely filing of the motion. Similar arguments have been rejected by other courts. *See United States v. Barreto-Barreto*, 551 F.3d 95, 100 (1st Cir. 2008); *United States v. Scruggs*, 691 F.3d 666-67 (5th Cir. 2012); *United States v. Wolff*, 241 F.3d1055, 1056 (8th Cir. 2001) (per curiam). In rejecting the jurisdictional defect argument raised as a basis for an untimely 2255 motion, the First Circuit observed:

> [Federal] Rule [of Criminal Procedure] 12(b)(3)(B) provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or state an offense." Fed.R.Crim.P. 12(b)(3)(B). . . . After a final judgment has been entered, and no direct appeal has been filed, a case is no longer pending and Rule 12(b)(3)(B) cannot be invoked to challenge jurisdiction. *See United States v. Wolff*, 241 F.3d 1055, 1057 (8th Cir.2001) (per curiam) (holding, under prior version of Rule 12(b)(3)(B), that "[a]fter final judgment was entered and [the defendant] did not file a direct appeal, the proceedings were no longer pending[ ]").

*Barreto-Barreto,* 551 F. 3d at 100.

Key does not appear to invoke Rule 12(b)(3)(B) as a basis for his jurisdictional claim. But, his assertions that his motion to vacate are not subject to the filing deadline are unsupported by any legally cognizable ground. Accordingly, the motion to vacate is untimely and must be dismissed.

Having concluded that the motion to vacate was filed beyond the statute of limitations, the court will dismiss the motion as untimely in a separate Order, which follows. When dismissal of a motion to vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Based on the foregoing analysis, a certificate of appealability shall not issue.

August 20, 2013  /s/
Date  Ellen Lipton Hollander
United States District Judge